' Freeman, J.,
delivered the opinion of the Court.
In this case a tract of land was sold upon application to the Chancery Court at Lewisburg, by decree rendered in 1855. The sale was made because manifestly to the interest of parties, and the fund ultimately ordered to be collected by the Clerk and Master of the Chancery Court, who had made the sale under decree of the Court. He was also directed to pay the fund when collected to the parties entitled, and their respective interests were ascertained by decree of - the Chancellor.
After the war, in October, 1869, the parties interested in the fund filed a petition in the case, stating *562 the fact of the sale by the Clerk and Master, as commissioner appointed by the Court, and that said Clerk and Master had collected a large portion, if not all, of the fund -in good money, but had never accounted for about the sum of $1,500 of it, the precise sum not knoAvn to petitioners.
The petition charges that the Clerk had converted the money to his own use, either by actually using it, or by lending it with his own private means, so that it can not be identified.
It is shown that the Clerk and Master is dead, and also one of the securities on his bond as commissioner, and the personal representatives of both are made parties to the petition, and process prayed against them, together with the other sureties on said bond. The prayer of the petition is, that the parties be required to answer and show cause why they shall not pay the fund into Court for distribution among the parties, and for general relief.
The defendants appeared and moved the Court to dismiss the petition for several reasons, only one of which can be noticed, as it is the only one on which the Court below took any action, and from which an appeal was prayed by petitioners.
The ground on which the Court took action was, that the parties had filed the petition without giving security for the prosecution of the suit. The Court dismissed the petition on this ground alone, but offered to allow the petitioners to give the security then, which they seem to have declined, but appealed specifically from the decree of the Court ordering the *563 petition to be dismissed for want of bond and secu-curity.
This then presents the only real question before us for decision.
We hold that the petition was not an original suit commenced in Court, but only an incidental proceeding in the original case, for the purpose of having the fund paid into Court by the defaulting Clerk that the orders of the Court might be executed; and that this being so, no security was required. The fund was in Court, or rather, subject to its order, was in the hands of the Clerk as an officer of the Court, whose business it was by law to hold the custody of its funds. He, if alive, would have been ordered to pay the fund into Court on motion; and while a petition in such case is unusual, it is not an improper practice, and, in fact, it is better adapted to give the parties notice, and enable them to make proper defense, than a motion.
We therefore think that the Court erred in dismissing the petition for want of security.
This is the only point directly presented in the record before us, as no action was taken by the Court below on any other question raised by the motion to dismiss. Perhaps it is proper to say that the sureties on the bond can as well test their liability and its amount in this proceeding as in any other mode. It would be exceedingly inconvenient, if not violative of well settled principles, to hold that notwithstanding this fund is in the custody of the Court, the parties should be required to go into a court of *564 law, and bring suit on the bond of the Clerk and Master, in order to recover the fund, or have it paid over to them. The Court having charge of the fund is the proper tribunal to dispose of it, and for this purpose may make all proper orders and decrees against its own officer to compel an .account of such fund.
The fact that the Clerk is dead can make no difference in the principle, as his representative takes his place so far as liability for the fund is concerned, and the sureties being bound for the faithful discharge of the duties of his office by their principal have no right to complain. All that the parties can ask, either the personal representatives or the sureties, is that they have notice and their day in Court, with opportunity to test their liability. When this is given them, the ends of justice are obtained, and the Court is enabled to do complete justice between the parties litigant in the original case, and its defaulting officer and his sureties.
The case will be reversed, and remanded for further proceedings, when the personal representative of the Clerk and the sureties will have the right to interpose all legal and proper defenses to the charges in the petition.